KNOLL, J.,
additionally concurring.
1, Although I concur fully in the majority opinion, I write separately to emphasize how critical it is for the State to be forthright and prompt when giving notice of its intent to use “other crimes” evidence during the guilt phase of a capital trial. As the majority opinion points out, we have described “adequate- notice” for the introduction, of such evidence in a capital sentencing hearing' as notice that is (1) ‘'sufficiently detailed to allow the defendant to know the exact unrelated conduct he must be prepared to meet in the sentencing hearing” and (2) “sufficiently in advance of trial to allow reasonable preparation of a defense.”[1] Here, although the State gave pre-trial notice of its intent to prove defendant’s “involvement in the Terrance Blaze homicide,” it was not until the State delivered its guilt phase opening statement in the presence of the jury that it indicated it intended to prove — -contrary to its theory in Brandy Holmes’ trial and its theory in the- defendant’s first trial— that Mr. Blaze was shot in the back of the head by the defendant. Indeed, the notice the State provided in this case was neither “sufficiently detailed” nor “sufficiently in advance of trial” to constitute “adequate notice” for due process purposes.
Given the grave and final nature of capital punishment and the precious resources the people of this State dedicate to ensuring justice is done in these most |aserious cases, the' State’s unreasonable delay in giving notice concerning such a crucial piece of evidence is indefensible. This practice tends to inject gamesmanship into the proceedings which we will not tolerate. There is absolutely no excuse for this type of practice, especially when the defendant’s life hangs in the balance. In my view, the State would have been better off not introducing the expert’s testimony at all rather than risking the reversal the law compels us to order in this case. Notwithstanding defendant’s opportunity to cross-examine this expert witness, the change in this witness’ expert testimony is too critical a change in evidence, and the State’s failure to timely notify the defendant of this change is certainly unduly prejudicial to defendant at the penalty phase of trial in a capital case.
Moreover, under these facts, I do not believe defendant’s objection and motion for mistrial the following morning was un *231 timely. Given the State’s repeated assurances that its penalty phase evidence would be the same as it was in defendant’s first penalty phase trial, the changes in the State’s theory and in the expert’s testimony completely blindsided defendant. Other than a hastily-prepared cross-examination of the expert witness, there was no time for the defendant to thoroughly and thoughtfully prepare a strategy to respond to this unexpected evidence. Thus, in my view, it was not unreasonable for defendant to lodge his-objections to the State’s failure to notify him of these changes on the following morning when court resumed.
For these reasons, I agree with the majority’s decision to grant the defendant a new penalty phase trial.
WEIMER, J., dissents in part and assigns reasons.